UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| RICHARD T. STAUNTON, | )<br>) |
| Plaintiff, | ) Case No. 1:05-cv-537<br>) |
| v. | ) Honorable Richard Alan Enslen<br>) |
| MICHIGAN PAROLE BOARD, *et al.*, | )<br>) |
| Defendants. | )<br>) |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and to pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's Complaint for failure to state a claim.

**Discussion**

    I.        Factual Allegations

Plaintiff Richard T. Staunton is currently incarcerated in the Florence Crane Correctional Facility. He pled *nolo contendere* in Oakland County Circuit Court to two counts of third-degree criminal sexual conduct ("CSC 3") and two counts of fourth-degree criminal sexual conduct ("CSC 4"). He was sentenced on November 30, 1995, to concurrent prison terms of three to fifteen years for each of the CSC 3 convictions and one year and four-months to two years for each of the CSC 4 convictions. Plaintiff's Complaint concerns the denial of parole by Defendant Michigan Parole Board ("MPB") and MPB members Defendants John S. Rubitschun, Charles E. Braddock and Stephen DeBoer, as well as the calculation of the Michigan Department of Corrections ("MDOC") Parole Guideline Scoresheet.

On July 14, 2005, Defendant DeBoer interviewed Plaintiff for parole. Plaintiff alleges that Defendant DeBoer only interviewed him for five minutes, failed to review documents that Plaintiff was requested to bring to the interview, and did not inquire into 11 of the 12 questions listed on the MDOC Notice of Intent to Conduct a Parole Board Interview and Prisoner Rights and Receipt ("NOI"). As the interview occurred via monitor rather than in person, Plaintiff was requested to mail the documents to Defendant DeBoer. Plaintiff alleges that Defendant DeBoer did not review the documents as Plaintiff received the Parole Board's Notice of Decision denying his parole the following day, on July 15, 2005. On the Parole Board Notice of Decision, the MPB provided the following reasons in support of its decision:

    **Crime & Criminal Behavior**
        **The assaultive crime:**
        History of/or currently serving for CSC

>**The sexually motivated crime:**
>Involved a family member or acquaintance
>Involved minor/child victim
>
>**Correctional Adjustment**
>>**The prisoner's prior post conviction corrections history includes:**
>>A history of parole failure

(Compl., Ex. 1.)  Plaintiff's next parole consideration date is October 6, 2006.

Plaintiff raises two claims concerning his denial of parole.  Plaintiff asserts that the MPB failed to comply with MICH. COMP. LAWS § 791.235(4) and MICH. DEP'T OF CORR. POLICY DIRECTIVE 06.05.104 in his parole interview because Defendant DeBoer did not discuss all of the issues and concerns in the NOI or the circumstances surrounding Plaintiff's parole violation.  Plaintiff alleges that Defendant DeBoer only discussed one factor, Plaintiff's readiness to accept responsibility for his actions, on the NOI.  Plaintiff also argues that Defendants failed to properly score the Mental Health Variable of the MDOC Parole Guidelines Scoresheet (Compl., Ex. 3.)

For relief, Plaintiff seeks reversal of his parole denial, an order directing Defendants to conduct a new parole interview that comports with state statutory requirements, and declaratory relief and an injunction prohibiting Defendants from violating Plaintiff's federal and state rights during Plaintiff's parole interviews in the future.[1]

---

[1] A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).  The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997).  However, in *Wilkinson v. Dotson*, 125 S. Ct. 1242, 1247 (2005), the Supreme Court clarified that §1983 remains available to state prisoners for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner.  Plaintiff does not directly seek release from prison; rather, he requests a reversal of his parole denial, a new hearing, and declaratory and injunction relief preventing Defendants from violating his federal rights in future

II.     Immunity

The Michigan Parole Board is part of the MDOC. MICH. COMP. LAWS § 791.231a(1). Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Therefore, the MPB, as part of the Department of Corrections, is immune from injunctive and monetary relief. *See Fleming v. Martin*, No. 01-1422, 2001 WL 1176354 (6th Cir. Sept. 26, 2001) (MPB entitled to Eleventh Amendment immunity); *Carson v. Parole Board*, No. 88-1277, 1988 WL 79688 (6th Cir. July 27, 1988) (same). Accordingly, Plaintiff's action against the Michigan Parole Board is subject to dismissal on immunity grounds. As discussed below, Plaintiff's action against the Michigan Parole Board and the remaining Defendants also fails to state a claim.

III.    Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a

---

parole proceedings. As a consequence, under *Wilkinson*, success in this action would not necessarily demonstrate the invalidity of Plaintiff's continued confinement, so his action does not appear to be *Heck*-barred. Assuming that Plaintiff's action is cognizable under § 1983, it fails to state a claim as set forth herein.

claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a vehicle for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. **Due Process**

Plaintiff claims he was deprived of due process when Defendant DeBoer failed to discuss Plaintiff's prior parole violation and all of the issues set forth in the NOI in violation of MICH. COMP. LAWS § 791.235(4) and MICH. DEP'T OF CORR. POLICY DIRECTIVE 06.05.104. Plaintiff further claims that Defendants improperly scored the parole guidelines. Plaintiff fails to raise a claim of constitutional magnitude. Plaintiff has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting the broad discretionary powers of the Michigan procedural authorities to deny parole, held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994

decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, No. 03-1804, 2004 WL 614581 (6th Cir. Mar. 24, 2004); *Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999). Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Accordingly, Plaintiff has no liberty interest at stake. Because Plaintiff has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights. *See Sweeton*, 27 F.3d at 1164-65.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
October 5, 2005  RICHARD ALAN ENSLEN
  SENIOR UNITED STATES DISTRICT JUDGE